In the Matter of the Judicial Settlement of the Account of WILLIAM T. A. HART and Another, Administrators of ARCHIBALD JOHNSTON, Deceased.

*Executors and administrators — duty of, in respect to a fraudulent transfer made by the decedent — objections filed against an account — amendments thereto* nunc pro tunc.

In proceedings taken in a Surrogate's Court for the settlement of the accounts, and the discharge of certain administrators, it appeared that the intestate had been insolvent for years prior to his death, to the knowledge of the administrators, and that three years before his death the intestate had conveyed to a third person, for a nominal consideration, an apparently valuable interest in a leasehold estate; that the third person, upon the same day and upon a like consideration, conveyed this interest to the wife of the intestate.

*Held,* that it was the duty of the administrators to take legal proceedings to recover the property, upon the ground that it had been disposed of in fraud of the creditors of the intestate, and that, they having failed to do so, it was error for the Surrogate's Court to discharge them as administrators.

The account of an executor or an administrator, and the objections filed against it, constitute, in a Surrogate's Court, the pleadings in the matter, and the party objecting is bound to file proper objections if he desires to have them considered.

Where proper objections have not been filed the appellate court, although it may have power to amend them *nunc pro tunc* in support of a decree, will never do so in order to justify the reversal of the decision below.

APPEAL by Hugh Langan and Andrew Langan, composing the firm of "Langan Bros.," creditors of Archibald Johnston, deceased, intestate, from a decree entered in the office of the surrogate of the county of New York on the 29th day of December, 1890, judicially settling the accounts of William T. A. Hart and David B. Johnston, as administrators of said Archibald Johnston, and directing a distribution of his estate.

*W. C. Reddy,* for Langan Bros., creditors, appellants.

*Merritt & Terry,* for William T. A. Hart and another, administrators, respondents.

VAN BRUNT, P. J.:

The appellants claim that the referee erred in not considering claims which the creditors attempted to establish as against the administrators, which were in no way referred to in the objections

which they filed to the administrators' account. In these proceedings the account and the objections thereto form the pleadings; and the objector to an account is as much bound to set up in such objections any claims which he proposes to make against the administrator as the defendant in an action is bound to set up in his answer any claims which he proposes to urge against the plaintiff. Therefore, the question as to whether the respondents were rightfully entitled to claim a one-half interest in the leasehold property was not before the court.

It is urged that this court upon appeal may amend the objections *nunc pro tunc* in order that this claim might be considered. But the court never amends pleadings *nunc pro tunc* for the purpose of reversing a judgment, but only for the purpose of affirmance.

There is one item, however, in this account in respect to which it seems to us that the court erred. It appeared that Archibald Johnston, who died in August, 1889, was for years prior to his decease insolvent, and that the administrators had knowledge of his insolvency. It further appeared that in 1886, for a nominal consideration, he conveyed to one Harris an interest in this leasehold estate, which Harris upon the same day conveyed to the wife of said Johnston for a like consideration. Johnston being insolvent at the time of this conveyance, the same was a fraud upon his creditors if the lease was of any value whatever; and it would appear from the transactions had by the administrators, in respect to other interests in this lease, that it was valuable. Under these circumstances it certainly was the duty of the administrators to take proceedings to recover this property which Johnston had disposed of in fraud of his creditors. This the administrators, with full knowledge of these facts, failed to do, and it seems to us that they are chargeable with neglect of duty.

The referee found in his opinion that the administrators were not thus chargeable apparently upon the case of *O' Conner* v. *Gifford* (117 N. Y., 275), although the record does not contain the opinion which it is stated the referee rendered upon making his report. But the case cited differs entirely in its essential facts from the one at bar. In that case the executor met the claim of neglect by showing the solvency of the testator and that the property was in possession of another party at the time of the death of the testator, who was the

residuary legatee, the claim being made that it had been given by the testator. The executor believing the property to belong to the estate, stated the facts to his counsel, and was advised by him that he could not recover the property or its proceeds; and there was no claim that either the executor or the counsel did not act in entire good faith. It was held that the executor should not be charged with the value of this property.

In the case at bar, however, the estate was insolvent. The gift was made at a time when the administrators knew the intestate to have been insolvent, and that, therefore, it was a fraud upon the creditors. They were in possession of all the facts necessary to establish the fact of fraud. Under these circumstances it seems to us that the administrators did not fulfill their duty, and that they were bound to show some reason other than that which appeared before the referee for their failure to collect this claim.

We think, therefore, that for this error the decree of the surrogate must be reversed, and the proceedings remitted to the surrogate for further action; costs of this appeal to the appellants to abide the final event.

BARRETT and PATTERSON, JJ., concurred.

Decree reversed and proceedings remitted to the surrogate for further action; costs of this appeal to the appellants to abide the final event.